IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DEAUBRE D. GARDNER,<br><br>    Plaintiff,<br><br>vs.<br><br>SCOTT FRAKES, Nebraska Department of Correctional Services Director; and OTHOW ABOT, Sargeant at Tecumseh State Correctional Institution,<br><br>    Defendants. | 8:21CV459<br><br>**MEMORANDUM<br>AND ORDER** |

  Plaintiff Deaubre Gardner is currently incarcerated at the Nebraska State Penitentiary ("NSP"), but brings this action because of an incident that allegedly occurred at the Tecumseh State Correctional Institution ("TSCI"), his prior place of confinement. The court has granted Plaintiff permission to proceed in forma pauperis (Filing 8), and the court now conducts an initial review of the Complaint (Filing 1) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

  Plaintiff sues Scott Frakes, Director of the Nebraska Department of Correctional Services ("NDCS"), and Othow Abot, a sergeant at the TSCI, in their individual and official capacities under 42 U.S.C. § 1983 for Abot's use of excessive force and Frakes's failure to properly train Abot not to use excessive force. Plaintiff claims that these actions violated his rights under the Fifth and Eighth Amendments to the United States Constitution, as well as Article I, §§ 9, 11, and 13, of the Nebraska Constitution.

Plaintiff alleges that Defendant Abot "deliberately, maliciously, and with ill-intent" slammed Plaintiff's cell door on Plaintiff's left hand and fingers, causing him to have emergency trauma surgery and permanent damage and deformities. (Filing 1 at CM/ECF p. 4.) Plaintiff avers that prior to his injury, his cell door was open consistent with "prison rules" and he posed "no threat or harm to defendant Abot." He alleges that Abot lodged a misconduct report against Plaintiff related to the incident, but the report was ultimately dismissed. (Filing 1 at CM/ECF p. 6.)

As to Defendant Frakes, Plaintiff alleges that he has "responsibility of [Abot's] training, established protocols (not to be excessive force) and officer's mental state of mind." (Filing 1 at CM/ECF p. 5.) Plaintiff says Abot's "training under the tutelage of Frakes . . . caus[ed] Abot to engage in the malicious and capricious act of slamming my hand and fingers in the cell door." (Filing 1 at CM/ECF p. 6.)

Plaintiff demands $2 million in damages. (Filing 1 at CM/ECF p. 5.)

## II. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

#### A.  Claims Against Defendants in Official Capacities

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and employees of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., Egerdahl*, 72 F.3d at 619; *Dover Elevator Co.*, 64 F.3d at 446-47; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981). Moreover, a suit may be brought under section 1983 only against a "person" who acted under color of state law. A state is not a "person" as that term is used in 42 U.S.C. § 1983, and is not suable under the statute. *Hilton v. S. Carolina Pub. Rys. Comm'n*, 502 U.S. 197, 200-01 (1991). Accordingly, section 1983 does not create a cause of action against the Defendants in their official capacities, and the Eleventh Amendment bars Plaintiff's requests for monetary damages against them. Therefore, Plaintiff's claims for relief against the Defendants in their official capacities will be dismissed.

#### B.  Claims Against Defendants in Individual Capacities

##### 1.  Excessive-Force Claim Against Defendant Abot

3

Plaintiff alleges that Defendant Abot's actions violated his Fifth and Eighth Amendment rights. If Plaintiff were a pre-trial detainee, his excessive-force claim would be governed by the Fifth and Fourteenth Amendments. *Andrews v. Neer*, 253 F.3d 1052, 1061 (8th Cir. 2001). But here, Plaintiff alleges that he is a convicted prisoner. "Excessive-force claims brought by prisoners fall under the protections provided by the Eighth Amendment's prohibition of cruel and unusual punishment." *Andrews*, 253 F.3d at 1061 (citing *Whitley v. Albers,* 475 U.S. 312, 318-22 (1986)).[1] In such cases, the court considers "'whether force was applied in a good-faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" *Andrews*, 253 F.3d at 1061 (quoting *Whitley*, 475 U.S. at 320-21).

> This inquiry turns on "such factors as the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted," from which "inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." *Whitley*, 475 U.S. at 321, 106 S. Ct. 1078. The word "sadistically" is not surplusage; "'maliciously' and 'sadistically' have different meanings, and the two together establish a higher level of intent than would either alone." *Howard v. Barnett*, 21 F.3d 868, 872 (8th Cir. 1994).

*Jackson v. Gutzmer*, 866 F.3d 969, 974 (8th Cir. 2017). "One acts 'maliciously' by undertaking, without just cause or reason, a course of action intended to injure another; in contrast, one acts 'sadistically' by engaging in extreme or excessive cruelty or by delighting in cruelty." *Howard v. Barnett*, 21 F.3d 868, 872 (8th Cir. 1994).

Plaintiff's Complaint alleges that Sergeant Abot—with malicious intent and not due to any threat posed by Plaintiff—slammed Plaintiff's cell door on his hand, causing

---

[1] Plaintiff also seeks to assert a claim under Neb. Const. Art. I § 9, which provides that cruel and unusual punishment shall not be inflicted. Because the Nebraska Constitution does not require more than the Eighth Amendment to the United States Constitution, this state constitutional claim is subsumed into Plaintiff's Eighth Amendment claim.

4

emergency surgery and permanent deformities. There are no allegations that Abot applied such force in a good-faith effort to maintain or restore discipline. This is enough to allege a 42 U.S.C. § 1983 excessive-force claim under the Eighth Amendment.

### 2. Failure-to-Train Claim Against Defendant Frakes

Plaintiff alleges that Defendant Frakes caused Abot's conduct and his resulting injury by inadequately training Abot.

Defendant Frakes is not subject to liability for Abot's conduct purely because he supervised Abot. *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010) ("prison supervisors . . . cannot be held liable under § 1983 on a theory of respondeat superior"). However, Frakes can be held liable in his individual capacity under section 1983 if his failure to properly train Abot caused the deprivation of Plaintiff's constitutional rights. *Andrews v. Fowler*, 98 F.3d 1069, 1076 (8th Cir. 1996). Specifically, Frakes can be held liable for failure to train if: (1) the NDCS's training practices regarding the use of excessive force were inadequate; (2) Frakes's failure to train reflects a deliberate and conscious choice; and (3) an alleged deficiency in the NDCS's training procedures actually caused Plaintiff's injury. *Ambrose v. Young*, 474 F.3d 1070, 1079 (8th Cir. 2007); *Andrews*, 98 F.3d at 1076. For liability to attach, Plaintiff must show "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that [Frakes] can reasonably be said to have been deliberately indifferent to the need." *Ambrose*, 474 F.3d at 1079-80 (internal quotation marks and citations omitted).

Here, Plaintiff alleges that Abot's training under Frakes's "tutelage" caused Abot to "engage in the malicious and capricious act of slamming [his] hand and fingers in the cell door." (Filing 1 at CM/ECF p. 6.) But Plaintiff fails to allege facts indicating how the excessive-force training practices were inadequate; how that deficiency actually caused Plaintiff's injury; and that Abot's lack of proper training was so obvious and likely to result in a violation of constitutional rights that Frakes's failure to train can reasonably be construed as deliberate indifference. Plaintiff will be given leave to allege such facts.

5

## C. State Constitutional Claims

Plaintiff also cites Neb. Const. Art. I §§ 11 and 13 as bases for his claims. However, Plaintiff does not explain how his allegations of excessive force or failure to train relate to Neb. Const. Art. I § 11, which addresses the right of the accused to due process in criminal prosecutions, or Neb. Const. Art. I § 13, which concerns access to the courts. Plaintiff's claims under these provisions will be dismissed without prejudice.

## D. Motion to Appoint Counsel

Plaintiff has filed a Motion for Appointment of Counsel (Filing 3). There is no constitutional or statutory right to appointed counsel in a civil case. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 Fed. App'x 3, 4 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)). This is not a particularly complex case. Plaintiff's pleading is coherent and shows he has a basic understanding of applicable law and procedure. Further, there is no reason to believe that Plaintiff does not have the ability to investigate the facts. Therefore, Plaintiff's Motion for Appointment of Counsel will be denied.

## IV. CONCLUSION

In its present form, Plaintiff's Complaint states a claim for excessive force under the Eighth Amendment against Defendant Abot in his individual capacity, but fails to state a claim upon which relief can be granted for failure to train against Defendant Frakes in his individual capacity. On the court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint to discuss the deficiencies noted above. Plaintiff's amended complaint must restate the relevant allegations of his Complaint (Filing 1) and any new allegations. Plaintiff is

warned that any amended complaint he files will supersede, not supplement, his prior pleadings.

If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, this action will be dismissed without prejudice and without further notice. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A after he addresses the matters set forth in this Memorandum and Order. Accordingly,

IT IS ORDERED:

1. The following claims are dismissed: (a) Plaintiff's 42 U.S.C. § 1983 claims for money damages against Defendants in their official capacities because section 1983 does not create a cause of action against the Defendants in their official capacities, and the Eleventh Amendment bars Plaintiff's requests for monetary damages against them; and (b) Plaintiff's claims under Neb. Const. Art. I §§ 11 and 13. Plaintiff's 42 U.S.C. § 1983 excessive-force claim against Defendant Abot in his individual capacity may proceed.

2. As to Plaintiff's 42 U.S.C. § 1983 failure-to-train claim against Defendant Frakes in his individual capacity, Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

3. In the event Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the Complaint (Filing 1) and any new allegations. Failure to consolidate all claims into **one document** may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

4. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A in the event he files an amended complaint.

7

5. The Clerk of the Court is directed to set a pro se case management deadline using the following text: June 16, 2022—amended complaint due.

6. Plaintiff's Motion to Appoint Counsel (Filing 3) is denied without prejudice.

7. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

DATED this 17th day of May, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge