IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DEAUBRE D. GARDNER,

    Plaintiff,

vs.

NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES, SCOTT FRAKES, Director; and OTHOW ABOT, Sargeant-TSCI, et al,

    Defendants.

8:21CV459

**MEMORANDUM AND ORDER**

    Plaintiff—a prisoner confined at the Nebraska State Penitentiary who sues about an incident that occurred at his prior place of confinement, the Tecumseh State Correctional Institution—has filed an Amended Complaint (Filing 10) in response to this court's Memorandum and Order on initial review (Filing 9). That Memorandum and Order granted Plaintiff permission to file an Amended Complaint to state facts sufficient to allege a 42 U.S.C. § 1983 failure-to-train claim against Defendant Frakes in his individual capacity. In its initial review of Plaintiff's original Complaint, the court also (a) dismissed Plaintiff's 42 U.S.C. § 1983 claims for money damages against Defendants in their official capacities because section 1983 does not create a cause of action against the Defendants in their official capacities, and the Eleventh Amendment bars Plaintiff's requests for monetary damages against them; (b) dismissed Plaintiff's claims under Neb. Const. Art. I §§ 11 and 13; and (c) allowed Plaintiff's 42 U.S.C. § 1983 excessive-force claim against Defendant Abot in his individual capacity to proceed.

    In conducting an initial review of Plaintiff's Amended Complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A, the court will not repeat the applicable standards of review and legal analysis for each of Plaintiff's claims, as such analysis appears

in detail in the court's initial review of Plaintiff's first Complaint. (Filing 9.) Because Plaintiff's Amended Complaint contains the same claims previously dismissed by the court, I will again dismiss these claims for the reasons stated in the court's Memorandum and Order on initial review. (Filing 9.) I will also allow Plaintiff's 42 U.S.C. § 1983 failure-to-train claim against Defendant Frakes in his individual capacity to go forward because Plaintiff's Amended Complaint adds factual allegations that describe how the applicable excessive-force training practices were inadequate, how that deficiency caused Plaintiff's injury, and Frakes's "sufficient culpable state of mind" and "lack of effort . . . to temper a[] foreseeable action committed by Abot." (Filing 10 at CM/ECF p. 5 (Amended Complaint); Filing 9 at CM/ECF p. 9 (discussing elements of failure-to-train claim).) Finally, like his original Complaint, Plaintiff's Amended Complaint contains sufficient allegations to state a 42 U.S.C. § 1983 excessive-force claim against Defendant Abot in his individual capacity, and such claim will be permitted to proceed to service of process.

IT IS ORDERED:

1. For the reasons stated in the court's previous Memorandum and Order (Filing 9), the following claims are dismissed: (a) Plaintiff's 42 U.S.C. § 1983 claims for money damages against Defendants "Nebraska Department of Correctional Services, Scott Frakes, Director" and "Othow Abot, Sargeant" in their official capacities; and (b) Plaintiff's claims under Neb. Const. Art. I §§ 11 and 13.

2. The following claims are allowed to proceed to service of process: (a) Plaintiff's 42 U.S.C. § 1983 excessive-force claim against Defendant Othow Abot in his individual capacity; and (b) Plaintiff's 42 U.S.C. § 1983 failure-to-train claim against Defendant Scott Frakes in his individual capacity.

3. For service of process on Defendant Othow Abot in his individual capacity, the Clerk of Court is directed to complete a summons form and a USM-285 form for such Defendant using the address "Tecumseh State Correctional

Institution, P.O. Box 900, Tecumseh, NE 68450" and forward them together with a copy of the Amended Complaint (Filing 10) and a copy of this Memorandum and Order to the Marshals Service. **The Marshals Service shall serve Defendant Othow Abot, personally in his individual capacity, at the <u>Tecumseh State Correctional Institution, P.O. Box 900, Tecumseh, NE 68450</u>**. Service may also be accomplished by using any of the following methods: residence, certified mail, or designated delivery service. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01.

4. For service of process on Defendant Scott Frakes in his individual capacity, the Clerk of Court is directed to complete a summons form and a USM-285 form for such Defendant using the address "Nebraska Department of Correctional Services, 801 W. Prospector Pl., Lincoln, NE 68522" and forward them together with a copy of the Amended Complaint (Filing 10) and a copy of this Memorandum and Order to the Marshals Service. **The Marshals Service shall serve Defendant Scott Frakes, personally in his individual capacity, at the <u>Nebraska Department of Correctional Services, 801 W. Prospector Pl., Lincoln, NE 68522</u>**. Service may also be accomplished by using any of the following methods: residence, certified mail, or designated delivery service. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01.[1]

---

[1] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "**[t]he officers of the court shall issue and serve all process, and perform all duties in such cases**." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory); Fed. R. Civ. P. 4(c)(3) (court must order that service be made by United States Marshal if plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915). *See, e.g.*, *Beyer v. Pulaski County Jail*, 589 Fed. Appx. 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than

5. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

6. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this order to complete service of process. The Clerk of Court shall set a case-management deadline accordingly.

7. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

DATED this 27th day of September, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

---

information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).

4