IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DEAUBRE D. GARDNER,<br><br>    Plaintiff,<br><br>  vs.<br><br>SCOTT FRAKES, Director, in his individual capacity; and OTHOW ABOT, Sargeant-TSCI, in his individual capacity,<br><br>    Defendants. | **8:21CV459**<br><br>**MEMORANDUM AND ORDER** |

  After initial review (Filing 11) of Plaintiff's Amended Complaint (Filing 10), the court allowed Plaintiff's 42 U.S.C. § 1983 excessive-force claim against Defendant Othow Abot in his individual capacity to proceed to service of process. For service on Abot in his individual capacity, the court directed the Clerk of Court to prepare summons and USM-285 forms using the address of Abot's employer, the Tecumseh State Correctional Institution ("TSCI"). The Marshals Service was then instructed to serve Abot personally in his individual capacity at the TSCI. The court's records show that summons issued for Abot in his individual capacity was returned unexecuted after the United States Marshals Service unsuccessfully attempted personal service on Abot at the TSCI. (Filing 15.)

  Plaintiff has filed Motions for Alternative Service (Filing 20) and for Extension of Service Due Date (Filing 21) because of the failed service attempt. Plaintiff states that he is unable to serve Abot because he "cannot be located." (Filing 22.)

  The court will direct the Marshals Service to attempt service again on Defendant Abot in his individual capacity. Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright*

*v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory). *See, e.g.*, *Beyer v. Pulaski County Jail*, 589 Fed. Appx. 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the Jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).

IT IS ORDERED:

1. Plaintiff's Motions for Alternative Service (Filing 20) and for Extension of Service Due Date (Filing 21) are granted to the extent specified below.

2. The Clerk of Court is directed to obtain the home address for Defendant Othow Abot from the Marshals Service for service of process on him in his individual capacity.

3. Upon obtaining the necessary address, the Clerk of Court is directed to complete a summons form and a USM-285 form for such Defendant using the address provided by the Marshals Service. The Clerk of Court shall forward such forms together with a copy of the Amended Complaint (Filing 10), the court's Memorandum and Order on initial review of the Amended Complaint (Filing 11), and a copy of this Memorandum and Order to the Marshals Service. **The Marshals Service shall serve Defendant Othow Abot, personally in his individual capacity, at the address identified by the Marshals Service**. Service may also be accomplished by using any of the following methods: residence, certified mail, or

designated delivery service. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01.

4. The Clerk of Court is directed to file under seal any document containing the personal address for Defendant Abot.

5. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

6. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this order to complete service of process on Defendant Abot.

7. The Clerk of Court is directed to set the following pro se case management deadline: **February 13, 2023**: check for completion of service of process on Defendant Abot.

DATED this 14th day of November, 2022.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge