IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DEAUBRE D. GARDNER, | |
| Plaintiff, | 8:21CV459 |
| vs. | |
| SCOTT FRAKES, Director, in his individual capacity; and OTHOW ABOT, Sargeant-TSCI, in his individual capacity; | MEMORANDUM AND ORDER |
| Defendants. | |

Plaintiff Deaubre D. Gardner ("Plaintiff") is an inmate in the custody of the Nebraska Department of Correctional Services ("NDCS"). Defendants Scott Frakes ("Frakes") and Othow Abot ("Abot") are NDCS officials sued in their individual capacities under 42 U.S.C. § 1983. Filing No. 10. Upon initial review, Plaintiff's excessive-force claim against Abot in his individual capacity; and Plaintiff's 42 U.S.C. § 1983 failure-to-train claim against Frakes in his individual capacity were allowed to proceed. Filing No. 11.

Now pending before the Court is the Defendants' Motion to Dismiss, which they request to be treated as a motion for summary judgment (the "Motion"), Filing No. 25, Plaintiff's Motion for Status (the "Status Motion"), Filing No. 30, Defendants' Motion to Strike (the "Motion to Strike"), Filing No. 32, and Plaintiff's Objection to the Motion to Strike (the "Objection"), Filing No. 33.

For the reasons set forth below the Status Motion and the Objection to the Motion to Strike shall be granted and the Motion to Strike shall be denied. The status of the case is as follows: The Court shall treat the Motion as a motion for summary judgment. The Court deems Plaintiff's brief in opposition (the "Response"), Filing No. 31, as timely filed and instructs Defendants to file a reply to Plaintiff's Response if they so choose. The Court shall delay ruling on the Motion until briefing is complete.

## I.  RELEVANT PROCEDURAL HISTORY

Defendants' Motion, Index of Evidence, and Brief in support thereof were filed on November 28, 2022, and included Certificates of Service certifying that on November 28, 2022, Defendants mailed their Motion, Index of Evidence, and Brief in support thereof to Plaintiff at his mailing address. Filing Nos. 25, 26, and 27. At the time the Motion was filed, the case was before Senior District Judge Richard G. Kopf. However, due to Judge Kopf's retirement and his placement on inactive status, the case was reassigned to the undersigned on December 15, 2022. Filing No. 28 (text order). No progression order setting a briefing schedule or other order addressing if the Motion would be addressed as a motion for summary judgment or motion to dismiss was entered by the Court.

The case then remained inactive until May 8, 2023, when Plaintiff filed his Status Motion seeking status of the case, Filing No. 30, and his Response, which included Plaintiff's affidavit and the affidavits of Joseph J. Buttercase and Shawn R. Erpelding in support. Filing No. 31.

Later that same day Defendants filed their Motion to Strike, seeking to strike Plaintiff's Response as untimely pursuant to NECivR 7.1(b), arguing that any brief opposing a motion for summary judgment and any evidence presented with it "must be

filed and served within 21 days after the motion and supporting brief are filed and served," which Plaintiff's was not, having been filed over five months after the Motion was filed. Filing No. 32. On May 18, 2023, Plaintiff filed his Objection to the Motion to Strike arguing that his Response was not untimely as the Court had not entered any progression order establishing how Defendant's Motion would be treated or setting any deadlines for the progression of the case pursuant to Federal Rule of Civil Procedure 12(d). Filing No. 33. Plaintiff submitted that he filed his Response and supporting evidence to progress the case and to dispose of the Motion as a motion for summary judgment in the event the Court decided to it treat it as such. *Id.* at 2.

## II. DISCUSSION

Plaintiff is correct that the Court did not issue an order setting forth a briefing schedule or otherwise addressing the Motion. As such, the Motion to Strike shall be denied and Plaintiff's Response, shall be considered timely. As Plaintiff's Response and supporting evidence was filed to progress the case and to dispose of the Motion as a motion for summary judgment, the Defendants shall be granted time to reply to Plaintiff's Response currently before the Court.

IT IS THEREFORE ORDERED:

1. Plaintiff's Status Motion, Filing No. 30, and Objection to the Motion to Strike, Filing No. 33, are granted and Defendant's Motion to Strike, Filing No. 32, is denied. Plaintiff's Response, Filing No. 31, is hereby deemed timely filed.

2. The Motion, Filing No. 25, shall be addressed as a motion for summary judgment pursuant to Fed. R. Civ. P. 12(d).

3. Defendants may file a reply to Plaintiff's Response, if they so choose, no later than **September 28, 2023**.

5. The Clerk's Office is directed to set a pro se case management deadline in this case using the following text: **September 28, 2023:** Check for Defendant's reply.

Dated this 14th day of September, 2023.

BY THE COURT:

*[signature]*

Joseph F. Bataillon
Senior United States District Judge