IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DEAUBRE D. GARDNER,

Plaintiff,

vs.

SCOTT FRAKES, Director, in his individual capacity; and OTHOW ABOT, Sargeant-TSCI, in his individual capacity;

Defendants.

8:21CV459

**MEMORANDUM AND ORDER**

This matter is before the Court *sua sponte* in reconsideration of its prior order denying Plaintiff Deaubre D. Gardner's motion to appoint counsel (the "Motion for Counsel"), Filing No. 3, filed concurrently with his Complaint, Filing No. 1. On May 17, 2022, the Court denied Plaintiff's Motion for Counsel without prejudice, finding that appointment of counsel was not necessary at that stage of the proceedings. Filing No. 9 at 6.

While "[t]here is no constitutional or statutory right to appointed counsel in civil cases," *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006), even after a request for counsel is denied, a court should "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements

should, in fairness, be relaxed to some degree." *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993). Upon careful consideration, the Court concludes that Plaintiff and the Court would benefit from the appointment of counsel at this stage in the matter. *See Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011) (A district court may "recruit counsel for an indigent person in appropriate circumstances," 28 U.S.C. § 1915(e)(1), and "[t]he court has a good deal of discretion to determine whether representation is warranted given the nature of the case and the litigants.").

Accordingly, IT IS ORDERED that:

1. Petitioner's Motion for Counsel, Filing No. 3, upon *sua sponte* reconsideration by this Court, is granted.

2. With thanks for accepting the appointment, Mr. Ryan M. Hoffman and the law firm of Bressman, Hoffman & Jacobs are hereby appointed to represent Plaintiff Deaubre D. Gardner in this matter.[1]

3. Mr. Hoffman and/or any other counsel from the law firm of Bressman, Hoffman & Jacobs are directed to promptly enter their appearance as counsel in this case.

4. Upon entry of counsel's appearance in CM/ECF, the Clerk of Court shall immediately pay from the Federal Practice Fund the sum of $1,000 to the law firm of Bressman, Hoffman & Jacobs.

5. A second and last installment of $1,000 shall become due and payable to the law firm of Bressman, Hoffman & Jacobs upon the entry of judgment or other closing documents in the case.

---

[1] The undersigned has been authorized by the Chief Judge to appoint counsel pursuant to the Amended Plans for the Administration of the Federal Practice Fund and the Federal Practice Committee.

6. Subject to the prior approval of the Court, counsel may incur reasonable expenses when representing Plaintiff in accordance with the Amended Plans for the Administration of the Federal Practice Fund and the Federal Practice Committee. *See also* NEGenR 1.7(g) and NECivR 54.3-54.4.

7. Should Plaintiff succeed, and counsel be awarded attorney fees and expenses that exceed $2,000 plus expenses, counsel shall reimburse the Federal Practice Fund for the fees and expenses paid from the fund.

8. Counsel for Plaintiff is appointed to assist Plaintiff with discovery and through trial, if this case proceeds to trial. The appointment will not extend to any appeal after trial.

9. The Clerk's office is directed to send a copy of this Memorandum and Order to Mr. Hoffman.

Dated this 15th day of December, 2023.

BY THE COURT:

*[signature]*

Joseph F. Bataillon
Senior United States District Court